IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANILO VELASQUEZ,

    Petitioner,

v.                                                    Civil Action No. 3:14cv57
                                                   (Judge Groh)

TERRY O'BRIEN, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 3, 2014, Danilo Velasquez ("Petitioner") filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On that same date, he was issued a Notice of Deficient Pleading. On June 17, 2014, Petitioner filed his court-approved Petition, together with a Motion for Leave to Proceed *in forma pauperis*, and a Prison Trust Account Report. On June 18, 2014, Petitioner was granted leave to proceed *in forma pauperis*. Petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction in the United States District Court for the Northern District of California. This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On January 29, 2011, a jury found Petitioner guilty of four counts of a third superceding indictment : (Count One) Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d); (Count Two) Conspiracy to Commit Murder in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(5); (Count Three) Conspiracy to Commit Assault with Dangerous Weapon in Aid of Racketeering; and (Count

---

[1]Petitioner's original case can be located on Pacer at 3:08-cr-00730-WHA for the United States District Court for the Northern District of California.

Four) Use/Possession of Firearm in Furtherance of Crime of Violence in violation of 18 U.S.C. § 924(c) and 2. On February 16, 2012, Petitioner was sentence to a term of life on Count One, 120 months on Count Two, 36 months on Count Three, and 120 months on Count Four. All terms were ordered to run concurrently except for Count Four which was ordered to be served consecutively to the sentences imposed for Counts One, Two and Three. On February 23, 2012, Petitioner filed a Notice of Appeal. The matter still is pending before the United States Court of Appeals for the Ninth Circuit, and has been consolidated with appeals filed by five of his co-defendants.

### III. CLAIMS PRESENTED

Petitioner alleges that he was denied the opportunity to speak with the Consulate for Guatemala, his home country, in violation of Article 36 of the Vienna Convention on Consular Relation.[2] Petitioner further alleges that Article 36(b) of the Vienna Conventions provides that upon arrest, a foreign national has the right to contact the consular post for his home country, and the arresting authorities must inform the detainee of that right.[3] Petitioner maintains that he was not given the opportunity to speak with the consular from his country and did not waive the right to do so. Petitioner further maintains that he was prejudiced by the failure to allow him to consult with counsel [sic] from his country because there is "a reasonable possibility that he [he] been informed of and allowed to speak with Counsel.....he would have probably entered a plea of guilty." (ECF. No. 6-1,

---

[2]The Vienna Convention is "a seventy-nine article, multilateral treaty that governs the establishment of consular relations between nations and defines the functions of a consulate." United States v. Emuegbunam, 268 F.3d 377, 388 (6th Cir. 2001).

[3]Article 36 of the Vienna Convention does, in fact, provide that: "if a person detained by a foreign county 'so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State' of such detention, and 'inform the [detainee] of his righ[t]' to request assistance from the consul of his own state." Medellin v. Texas, 552 U.S. 491, 499(2008) (quoting Vienna Convention , 21 U.S.T. at 101).

2

p. 5). Petitioner requests an Order granting him relief.[4]

### IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254. As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

### V. ANALYSIS

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles

---

[4] Although not specified, the undersigned assumes Petitioner is seeking an Order vacating his conviction.

3

v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).[5]

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction

---

[5]More specifically, a motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a coviction for sentence imposed in a separate proceeding. Wall v. Kholi, 562 U.S. 545 (2011). On such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or that the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255.

4

> when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[6]

Id. at 333-34.

Although Petitioner does not raise the savings clause, it is clear that he is not entitled to its application.[7] First, the undersigned notes that although Petitioner maintains that no appeal was filed, it is clear from his criminal docket and the docket of the Untied States Court of Appeals that an appeal was filed and still is pending. Therefore, the issue raised in this Petition may be the subject of that appeal. Moreover, even if the appeal is denied, Petitioner will have an opportunity to file a Motion to Vacate pursuant to 28 U.S.C. § 2255. Finally, even if an appeal was not pending, or Petitioner had filed a § 2255 motion, Petitioner would not be entitled to relief from this Court. In the instant case, even if Petitioner satisfied the first and third elements of Jones, the crimes for which

---

[6] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

[7] Petitioner maintains that § 2255 is ineffective for him because it does not make any reference to a treaty violation. However, the Supremacy Clause provides that "all Treaties made...under the authority of the United States, shall be the supreme Law of the Land." U.S. Const. Art. VI cl. 2. The undersigned recognizes that the United States Supreme Court has expressly declined to decide whether Article 36 of the Vienna Convention creates individual rights that are enforceable in domestic courts. See Medellin v. Texas, 552 U.S. 491, 506 n.4 (2008) "[W]e thus assume, without deciding, that Article 36 grants foreign nationals an individually enforceable right to request that their consular officers be notified of their detention, and an accompanying right to be informed by authorities of the availability of consular notification.")(internal quotation marks and citation omitted). However, the Fourth Circuit is very precise in its definition of the savings clause, and it is clear for the reasons stated in the body of this opinion that Petitioner is not entitled to its application. Therefore, regardless of whether Petitioner could raise a violation of the Vienna Convention in a § 2255, he has improperly filed a § 2241 habeas petition.

5

Petitioner was convicted remain criminal offenses. Therefore, because Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE.**

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 14, 2015

*Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE