# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**DANILO VELASQUEZ,**

    Petitioner,

**v.**                            **CIVIL ACTION NO.: 3:14-CV-57
(GROH)**

**TERRY O'BRIEN, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on July 14, 2015. ECF No. 11. In the R&R, he recommends that the Petitioner's 28 U.S.C. § 2241 Court-Approved Form Petition [ECF No. 6] be denied with prejudice. For the following reasons, this Court finds that the petition should be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Snyder v.

Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted at the United States Penitentiary, Hazelton, where the Petitioner is currently incarcerated, on July 17, 2015. Therefore, after allowing for additional time to ensure personal receipt, the Court finds that the deadline for the Petitioner to submit objections to the R&R has passed. No objections have been filed. Accordingly, this Court will review the R&R for clear error.

On February 15, 2012, a federal district court in the Northern District of California sentenced the Petitioner to multiple terms of imprisonment, which amounted to a total term of life imprisonment plus a consecutive sentence of 120 months. The Petitioner appealed that judgment, and his direct appeal remains pending before the United States Court of Appeals for the Ninth Circuit.[1] The Petitioner filed the instant § 2241 petition with this Court on June 3, 2014. Following receipt of a notice of deficient pleading, the Petitioner filed a Court-approved form petition on June 17, 2014. Subsequently, Magistrate Judge Trumble conducted an initial screen of the Petitioner's filings and determined that the Petitioner is not entitled to relief. The magistrate judge construed the Petitioner's claim as seeking an order vacating his criminal conviction. As such a request is generally improper under § 2241, and as the Petitioner failed to demonstrate that he could meet the savings clause of 28 U.S.C. § 2255(e) under the requirements of In re Jones, 226 F.3d 328, 333-34 (4th

---

[1] In his § 2241 petition, the Petitioner avers that no appeal was filed from his judgment of conviction or the imposition of his sentence. A review of the dockets of the United States District Court for the Northern District of California, Criminal Action No. 3:08-CR-730, and the United States Court of Appeals for the Ninth Circuit, No. 12-10099, prove this averment to be false.

Cir. 2000), the magistrate judge recommended that the instant § 2241 petition be denied.

It is "well established" that a defendant who seeks to challenge his or her conviction or sentence should do so through § 2255. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam); see also, e.g., Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) ("[C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255."). Conversely, § 2241 "is typically used to challenge the manner in which a sentence is executed," as opposed to a conviction or the imposition of a sentence. Reyes-Requena v. United States, 243 F.3d 893, 900 (5th Cir. 2001). However, pursuant to the savings clause of § 2255(e), a prisoner may seek relief by challenging the validity of his conviction under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In the Fourth Circuit, § 2255 is deemed to be inadequate or ineffective to test the legality of a conviction when all three of the following conditions are satisfied:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34.

Here, the Petitioner argues that § 2255 is inadequate or ineffective in his case because he is challenging a "treaty violation" under Article 36 of the Vienna Convention of

3

Consular Relations.[2]  Construed liberally, the only reasonable interpretation of the *pro se* Petitioner's § 2241 filing is that he is seeking to have his conviction overturned.  Therefore, the Petitioner's proper avenue for relief is through § 2255.  The Petitioner cannot meet the savings clause of § 2255(e) for several reasons, including the fact that his direct appeal is still pending and that the crimes for which he was convicted remain criminal offenses.

Accordingly, the Court finds that Magistrate Judge Trumble's Report and Recommendation [ECF No. 11] should be, and is, hereby **ORDERED ADOPTED IN PART**.  Given the nature of the instant petition, the Court does not adopt the magistrate judge's recommendation that the Court deny the petition with prejudice.  The Court **ORDERS** that the Petitioner's 28 U.S.C. § 2241 Court-Approved Form Petition [ECF No. 6] be **DISMISSED** without prejudice.  This matter is **ORDERED STRICKEN** from the active docket of this Court.  The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.  As the Petitioner is a federal prisoner seeking relief through a § 2241 petition, the Court makes no certificate of appealability determination in this matter.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED**: September 8, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The magistrate judge stated that the Petitioner did not raise a savings clause argument.  This Court finds that the Petitioner has raised such an argument, by way of citing to 28 U.S.C. § 2255 and averring that § 2255 is inadequate to test the legality of his detention.  Any error on the magistrate judge's part in concluding that the Petitioner did not raise a savings clause argument was harmless, as the magistrate judge reviewed the savings clause and the requirements of In re Jones at length and found that the Petitioner was not entitled to its application.

4